```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                            NEWNAN DIVISION

IN RE:                              ) CHAPTER 13
                                    )
STEPHEN ERNEST VOORHEES             ) CASE NO. 10-12243-WHD
JUDI LYNN VOORHEES,                 )
                                    )
     DEBTORS.                       )
```

**OBJECTION TO CONFIRMATION**

COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the Plan for the following reasons:

1. The Debtors have failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

2. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

3. SunTrust filed a secured and/or priority proof of claim; however, the Plan fails to provide treatment for said claim, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

4. The Debtors propose to retain real property with pre-petition arrearage of $30,860.07 and no equity, while paying unsecured creditors a one percent (1%) dividend. Based on the foregoing, the proposed plan may violate 11 U.S.C. Section 1325 (a)(3).

5. The Debtors' Chapter 13 Plan fails to provide for an increase in payments when direct payments at $175.00 per month for son's braces end in about one (1) year; this may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

6. Debtors propose to make monthly charitable contributions in the amount of $440.00. The Debtors should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. Section 1325 (b)(2)(A).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

    7.   The Debtors have failed to properly schedule and notify Debtor/husband's mom, in violation of 11 U.S.C. Section 342 and the Federal Rules of Bankruptcy Procedure Rule 1007. The Debtors' Schedules and mailing matrix should be amended to include the creditor's complete address, and Debtors should provide proof that the creditor has been served.

    WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtors' Plan, and to dismiss the case.

    \_\_\_\_/s/_____
Jason L. Rogers
Attorney for Chapter 13 Trustee
GA Bar No. 142575

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

10-12243-WHD

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTORS:

    STEPHEN ERNEST VOORHEES
    JUDI LYNN VOORHEES
    218 VILLAGE DRIVE
    LAGRANGE, GA 30240

ATTORNEY FOR DEBTORS:

    HARMON & GOROVE, ATTYS.
    1 JEFFERSON STREET
    NEWNAN, GA 30263

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 30th day of July 2010.


     /s/_____


Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444